Matthew Swanlund (Bar No. 204542)
    matthew@aestheticlegal.com
**AESTHETIC LEGAL, A.P.L.C.**
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone: (310) 301-4545

Attorney for Plaintiff
KELLY REEMTSEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY REEMTSEN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>DAVID SALLE, an individual;<br><br>Defendant. | Case No.    2:26-cv-6763<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT (17 U.S.C. §501);**<br><br>**(2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. §1203)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kelly Reemtsen ("Plaintiff" or "Reemtsen") hereby complain of Defendant David Salle ("Defendant" or "Salle"), and allege as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement under 17 U.S.C. §501 et seq., and

for removal of copyright management information under 17 U.S.C. §1203 et seq.

2. The Court has original subject matter jurisdiction over the claims that relate to copyright infringement pursuant to 17 U.S.C. §§ 501 et seq. The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims arise under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because such party has a continuous, systematic, and substantial presence within California, including within this Judicial District. Defendant regularly solicits and conducts business within California, including in this Judicial District. In addition, Defendant has committed acts of copyright infringement in California and in this Judicial District, including, but not limited to displaying, distributing, and reproducing Plaintiff's copyrighted works to customers in California and in this Judicial District, and Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) at least because a substantial portion of the events complained of herein took place in this Judicial District.

## THE PARTIES

5. Plaintiff is an individual permanently residing in the State of California, having a principal place of business in Los Angeles, California, in Los Angeles County.

6. Upon information and belief, Defendant David Salle is not a resident of California, but has conducted business in Los Angeles, California, in Los Angeles County.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

7. Plaintiff Kelly Reemtsen is a highly accomplished painter and print maker whose artworks have been exhibited in the U.S. and internationally since 1996. Reemtsen is known for her iconic series of richly textured paintings featuring stylish contemporary women wielding the kind of powerful tools traditionally reserved for men, specifically

including sledgehammers and axes. This recurring theme, and recurring imagery of sledgehammers and axes, acts as a metaphor for the capable women who arm themselves with quick minds, inherent talents, and the necessary resources to achieve success in today's complicated world. Reemtsen addresses her subject matter with style and wit but her intentions are to present a very serious question, "What will it take for today's women to achieve equality?"

8.     Reemtsen's artworks are in numerous private and public collections including the collection of the Flint Institute of Arts, Flint, MI.  She trained at Otis Parsons in Los Angeles, Art Center, California State University, and Central Michigan University.

9.     Reemtsen lives and works in Los Angeles, and maintains studios in Los Angeles and London. Reemtsen is represented by David Klein Gallery in Detroit, Albertz Benda in New York, and Lyndsey Ingram in London.

10.     Reemtsen is the sole and exclusive author of a certain original work of art entitled "Impact," depicting a highly stylized figure of a woman, from the shoulders to the shins, in a black and white striped dress, holding a sledgehammer in her hands. Such work was registered with the US Copyright Office on January 13, 2022 (US Copyright Reg. No. VA 2-288-034) ("Impact"). **See Exhibit A**.



COMPLAINT   2:26-cv-6763

11.    Plaintiff is also the sole and exclusive author of a certain original work of art entitled "It's All Black and White," depicting a highly stylized figure of a woman, from the waist to the shins, in a black and white striped dress, holding an axe in her hands. Such work was registered with the US Copyright Office on June 24, 2019 (US Copyright Reg. No. VA 2-168-511) ("It's All Black and White"). **See Exhibit B**



12.    Impact and It's All Black and White are collectively referred to herein as the "Reemtsen Artworks."

13.    Plaintiff owns all rights, including without limitation, the rights to reproduce the Reemtsen Artworks, to publicly display the Reemtsen Artworks, to prepare derivative works based upon the Reemtsen Artworks, and to distribute the Reemtsen Artworks to the public, all as the owner of Plaintiff's copyrights.

### Defendant's Infringing Activities

14.    On or around February of 2026, without permission or consent from Plaintiff, Defendant displayed, distributed and reproduced Defendant's 2025 artwork entitled "Hatchet" (the "Infringing Artwork") when it was exhibited at Sprüth Magers' Los Angeles gallery during Los Angeles' art week.

4



15. The Infringing Artwork was displayed on Sprüth Magers' website and social media pages announcing the exhibition and offering the Infringing Artwork for sale at $138,000, and also displayed on Defendant's own website, all without permission or authorization from Plaintiff.

16. The similarities between the Reemtsen Artworks (most especially "Impact") and the Infringing Artwork are striking, sharing an identical pose, perspective, gesture, clothing, shading, lighting, dress pattern, subject matter and overall viewer impression. The only substantive difference is that Defendant replaced the sledgehammer from Reemtsen's "Impact" artwork with an axe as frequently used by Reemtsen such as in the "It's All Black and White" artwork.

 

17. Upon information and belief, Defendant is directly involved and has direct

control over and specific knowledge of Defendant's website, social media accounts, and marketing materials.

18.    Defendant displayed, distributed and reproduced the Infringing Artwork to customers in California, including to customers in this Judicial District, at an art gallery opening in Los Angeles in February/March of 2026. Defendant was personally in attendance at such gallery opening.

19.    Defendant has directly profited from the reproduction, display and distribution of the Infringing Artwork and from of creation of derivative works of the Reemtsen Artworks.

20.    Media coverage discussing the similarities between the Reemtsen Artworks and the Infringing Artwork began to appear soon after the announcement of Defendant's exhibition.

21.    Within days following the media coverage, Sprüth Magers removed the Infringing Artwork from the exhibition and its social media pages.

22.    Defendant sent Plaintiff an email on March 3, 2026 indicating,

"you are no doubt aware, there has been some internet chatter recently about a painting of mine that incorporates an image from one of yours - from the 'women holding tools' series (not the actual title). Should you be so inclined, I would be happy to speak with you about this - or about any other painting matters. Although I have not seen it in person, I discovered your work online (how things are done these days I suppose), and admired it very much."

23.    Upon receipt of Defendant's admission of copying, and embarrassing and offensive communications from third parties erroneously confusing Plaintiff as the artist of the Infringing Artwork, Plaintiff sent a cease and desist letter to Defendant on March 6, 2026.

24.    Plaintiff was in the process of preparing her own artworks for her own gallery

6
COMPLAINT   2:26-cv-6763

show at the time, and also preparing for the launch of her own print line. The unwanted attention brought upon her by Defendant's infringement was both harmful to her existing professional relationships in the art world, and took energy and focus away from her own professional obligations.

25.    Despite Defendant's assertions to the contrary, Plaintiff did not desire the media coverage of this matter and has not benefitted in any way from the exposure. In fact, it has substantially and materially harmed her existing relationships with her own clients.

26.    Plaintiff gains no benefit or value from being associated with Defendant's artworks. The value of Plaintiff's own catalog of artworks stands on its own.

27.    After discussions, Defendant and Plaintiff, through counsel, were unable to reach a mutually acceptable resolution, thus prompting Plaintiff to file the present Complaint to protect her rights.

28.    Defendant's acts complained of herein have been willful and deliberate. Defendant has intentionally displayed, distributed and reproduced the Infringing Artwork, and created derivative works of the Reemtsen Artworks, with the express knowledge that Defendant had no such rights. Defendant's actions alleged herein are intended to profit from use of the Reemtsen Artworks without actually paying for such use.

29.    Defendant's acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

30.    Defendant's acts complained of herein have caused Plaintiff to suffer irreparable injury to her business. Plaintiff will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

### FIRST CLAIM FOR RELIEF

(Copyright Infringement Under 17 U.S.C. §§ 501 et seq.)

31.   Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 30 of this Complaint as though fully set forth herein.

32.   This is an action for direct, contributory, and vicarious copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, et seq.

33.   Plaintiff is the owner of valid and enforceable copyrights in the Reemtsen Artworks, which contain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

34.   Plaintiff complied with the registration requirements of 17 U.S.C. § 411(a) for the Reemtsen Artworks, and Plaintiff has obtained Copyright Registration No. VA 2-288-034) and Copyright Reg. No. VA 2-168-511.

35.   Defendant unlawfully reproduced, distributed and displayed protected elements of the Reemtsen Artworks, and created derivative works based upon the Reemtsen Artworks without permission or consent.

36.   Upon information and belief, Defendant had access to the Reemtsen Artworks because Defendant admitted in an email that he was an admirer of Reemtsen's Artworks.

37.   Without permission from Plaintiff, Defendant directly infringed the Reemtsen Artworks by distributing, displaying, and reproducing identical and substantially similar designs bearing protected elements of the Reemtsen Artworks, and created derivative works based upon the Reemtsen Artworks.

38.   Defendant's intentional and deliberate reproduction, distribution and display of the Infringing Artwork infringes and continues to infringe the Plaintiff's copyrights in violation of 17 U.S.C. § 501(a). Defendant is directly infringing on Plaintiff's exclusive right to reproduce, distribute, display, and make derivative works of the Reemtsen Artworks under 17 U.S.C. §§ 106(1)-(3), (5).

39.   Defendant's infringement has been continuous, willful and deliberate.

40.   Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

COMPLAINT   2:26-cv-6763

41.    Defendant, by its actions, has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(Removal of Copyright Management Information Under 17 U.S.C. §1203(c)(3))

42.    Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 41 of this Complaint as though fully set forth herein.

43.    This is an action for removal of copyright management information under the Copyright Act, 17 U.S.C. §§ 1202, et seq.

44.    Plaintiff is the owner of valid and enforceable copyrights in the Reemtsen Artworks, which contain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

45.    Plaintiff's deposit materials submitted to the US Copyright Office with her application for copyright registration included certain images containing the name, signature and identifying information of Plaintiff in the lower left corner of the Reemtsen Artworks, including but not limited to Plaintiff's name and the year of creation of the artwork:



46.    Defendant intentionally removed Plaintiff's copyright management information, including Plaintiff's name and year of creation, from the Reemtsen Artworks

prior to reproducing, displaying, distributing, and commercially exploiting the Infringing Artwork. Defendant knew, or had reasonable grounds to know, that removal of such copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyrights in violation of 17 U.S.C. § 1202(b).

47. Defendant, without permission or authority from Plaintiff or the law, copied, distributed and publicly displayed copies of the Reemtsen Artworks and created derivative works based upon the Reemtsen Artworks, knowing that Plaintiff's name was removed or altered without authority of Plaintiff.

48. Defendant knew or had reasonable grounds to know that removing or altering Plaintiff's name will induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

49. Defendant's removal or alteration of Plaintiff's name from the Reemtsen Artworks is a violation of 17 U.S.C. § 1202(b).

50. Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

51. Defendant, by its actions, has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Court render a final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

2. That the Court render a final judgment that Defendant has violated 17 U.S.C. § 501(a) by directly, contributorily, and/or vicariously infringing the Plaintiff's copyrights in the Reemtsen Artworks;

3.     That the Court render a final judgment that Defendant has violated 17 U.S.C. 1202(b).

4.     That Defendant be required to destroy the Infringing Artwork, pursuant to 17 U.S.C. § 503. Alternatively, if Plaintiff elects, that Defendant be required to surrender the Infringing Artwork to the Plaintiff pursuant to 17 U.S.C. § 503.

5.     That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

a. displaying, exhibiting or offering for sale the Infringing Artwork;

b. displaying, reproducing or distributing the Infringing Artwork on Defendant's website, social media pages, or marketing materials;

c. displaying, reproducing or distributing the Infringing Artwork on advertising or promotional materials for Defendant's artworks in any manner;

d. filing any copyright applications for registration of the Infringing Artwork; and

e. otherwise infringing the Reemtsen Artworks.

6.     That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

7.     That Defendant be required to account to Plaintiff for any and all profits derived by Defendant and all damages sustained by Plaintiff by virtue of Defendant's acts complained of herein;

8.     That Defendant be ordered to pay over to Plaintiff all damages which Plaintiff has sustained as a consequence of the acts complained of herein, subject to proof at trial,

together with prejudgment and post-judgment interest;

9.    That Plaintiff be awarded its actual damages and Defendant's profits under 17 U.S.C. § 504. Alternatively, if Plaintiff elects, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504;

10.    That Defendant's actions be deemed willful;

11.    That an award of reasonable costs, expenses, and attorneys' fees be awarded to Plaintiff pursuant to 17 U.S.C § 505;

12.    That Plaintiff be awarded its actual damages and Defendant's profits under 17 U.S.C. §1203(c). Alternatively, if Plaintiff elects, that Plaintiff be awarded statutory damages for each violation of 17 U.S.C. §1202(b).

13.    That Plaintiff be awarded such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,
**AESTHETIC LEGAL, APLC**

Dated: June 22, 2026        By:    /s/ Matthew Swanlund
                                    Matthew Swanlund
                                    400 Corporate Pointe, Suite 300
                                    Culver City, California 90230
                                    Telephone: (310) 301.4545

                                    Attorney for Plaintiff
                                    KELLY REEMTSEN